MEMORANDUM **
Raedeanne A. Bell-Shier appeals the district court’s affirmance of the Commissioner of Social Security’s (“Commissioner”) denial of her application for disability benefits. We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and affirm.
On appeal, the district court’s decision is reviewed de novo. See Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir.2005). The Commissioner’s decision must be affirmed if it is based upon correct legal standards and supported by substantial evidence. See 42 U.S.C. § 405(g); Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). Substantial evidence is “more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir.2003) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir.1997)).
As the facts and procedural history are familiar to the parties, we do not recite them here except to explain our disposition.
The Social Security regulations establish a five-step inquiry to decide whether a claimant is “disabled” for purposes of benefits determinations. See 20 C.F.R. *48 §§ 404.1520(a) and 416.920(a). Bell-Shier contests the administrative law judge’s (“ALJ”) decisions at steps three through five.
Initially, Bell-Shier contends that the ALJ improperly evaluated the medical evidence and failed to consider her combination of impairments, specifically her psychological problems which' purportedly magnify her perception of physical symptoms. Those contentions are incorrect. At step two, the ALJ concluded that Bell-Shier’s medical evidence revealed a history of systemic lupus erythematosis, fibro-myalgia and an anxiety disorder, which he found to be “severe” impairments.[1] See 20 C.F.R. §§ 404.1520(a)(4)(h) and 416.920(a)(4)(h). At step three, the ALJ considered Bell-Shier’s impairments “both singly and in combination” and determined that they did not meet or equal the listings in Appendix 1, Subpart P of Part 404. See 20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii). As required, the ALJ gave specific and legitimate reasons for his determinations and we find them to be supported by substantial evidence in the record.
Additionally, Bell-Shier’s arguments are based in part upon two reports which were not presented to the ALJ but were first submitted to the Appeals Council about eleven months after the ALJ’s September 2002 decision. Although the Appeals Council included them as part of its record, it nevertheless denied her request for review. To justify remanding her case for consideration of the new evidence, Bell-Shier would have to show that the reports are “material” under 42 U.S.C. § 405(g), ie., that they bear “directly and substantially on the matter in dispute” and that there is a reasonable' possibility that the new evidence would have changed the outcome of the administrative hearing.[2] Mayen, 276 F.3d at 462. Bell-Shier did not meet that burden.[3]
Bell-Shier further asserts that the ALJ erred in not fully accepting her subjective testimony as to her pain, fatigue and physical limitations. That assertion is incorrect. The ALJ properly followed the criteria delineated in Social Security Ruling (“SSR”) No. 96-7p (see 1996 SSR LEXIS 4) when he: 1) initially considered whether *49 there were underlying medically physical or mental impairments, that could reasonably be expected to produce her pain and/or other symptoms (and he did so ñnd); and 2) thereafter “evaluate[d] the intensity, persistence, and limiting of the individual’s symptoms to the extent to which the symptoms limit the individual’s ability to do basic work activities.” Id. at 6. For the latter inquiry, “whenever the individual’s about the intensity, persistence, or functionally limiting effects of pain or symptoms are not substantiated by medical evidence, the adjudicator must make a finding on the credibility of the individual’s statements based on a of the entire case record.” Id.
In finding that Bell-Shier had a "propensity for exaggeration" in her testimony as to the extent of her pain and physical limitations, the AU did examine the entire record and gave the following reasons for his credibility finding: 1) the evidence in her medical records failed to document "any persistent clinical findings of abnormality that have been manifested at a level of severity" claimed by Bell-Shier; 2) she did not make similar subjective reports regarding the degree and persistence of her symptoms and functional limitations to her treating physicians; 3) her testimony in this area was inconsistent with other evidence such as reports of her activities and physical abilities from her friend (`1. e., Charlotte Widman); 4) her failure over extended periods of time to seek treatment for her symptoms, her habit of failing to appear for medical appointments, and her noncompliance with the treatment recommendations of her physicians; and 5) as observed by one of her doctors, a "possible motivation from secondary gain." There is substantial evidence to support those findings. Therefore, we "may not engage in second guessing" the AU's credibility determination. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.2002).
Bell-Shier• also argues that the AU erred in rejecting the testimony of her husband and friend (`i.e., Widman). However, the AU did not reject such evidence (indeed, he accepted Widman's statements when she described a greater range of activities for Bell-Shier than Bell-Shier had herself claimed), but simply discounted that portion of the testimony which was ultimately based upon the witness's belief in Bell-Shier's "subjective reports of chronic fatigue and disability." To the extent that the AU did not accept parts of the testimony of Bell-Shier's lay witnesses, the AU gave valid reasons which were germane to each witness and which were supported by substantial evidence. See Lewis v. Apfel, 236 F.3d 503, 510-11 (9th Cir.2001).
Bell-Shier attacks the AU's residual functional capacity ("RFC") determination (step four) because it allegedly understates significantly her limitations. See 20 C.F.R §~ 404.1520(a)(4)(iv), 404.1545, 416.920(a)~4)(iv), and 416.945. The AU's RFC determination is supported by substantial evidence even if one were to include consideration of the two reports submitted only to the Appeals Council. See Bayliss, 427 F.3d at 1217.
Bell-Shier's final contention is that the AU erred in concluding for purposes of step five that she could perform work which exists in significant numbers in the economy based upon the vocational expert's ("yE") testimony regarding jobs for reception clerks, storage facility rental clerks and surveillance systems monitors. See 20 C.F.R. §~ 404.1566(e) and 416.966(e). She argues that, as to the first two, they are classified as "semi-skilled" (see 20 C.F.R. §~ 404.1568(b) and 416.968(b)), and the AU failed to identify *50 any transferable skills that she possessed as required by SSR No. 82-41 (see 1982 SSR LEXIS 34). As to the third job (ie., surveillance systems monitor), the VE stated that there were only about 500 of those positions in the regional economy which Bell-Shier contends is not enough to constitute a “significant number” of such jobs.
Bell-Shier’s contentions as to the ALJ’s step five determination are based upon an erroneous premise that the ALJ was required to delineate her transferable skills in this case. Bell-Shier is a “younger person” (ie., under age 50, see 20 C.F.R. §§ 404.1563(c) and 416.963(c)), with a high school education and is literate (see 20 C.F.R. §§ 404.1564(b)(4) and 416.964(b)(4)), and whose past relevant work included unskilled and semi-skilled jobs (see 20 C.F.R. §§ 404.1568 and 416.968). After finding that her “severe” impairments prevented her from returning to her past relevant work (see 20 C.F.R. §§ 404.1520(g)(1) and 416.920(g)(1)), the ALJ placed her within Rule No. 201.28 of Table No. 1 (“Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Sedentary Work As A Result of Severe Medically Determinable Impairment(s)”) and Rule No. 202.21 of Table No. 2 (“Residual Functional Capacity: Maximum Sustained Work Capability Limited to Light Work As a Result of Severe Medically Determinable Impairment(s)”) in Appendix 2, Subpart P of Part 404. Under Rule Nos. 201.28 and 202.21, the claimant is considered not to have any transferable skills. Therefore, the ALJ’s purported failure to identify any such transferable skills did not violate SSR No. 82-41 or otherwise constitute error. In addition, the three occupations cited by the VE were found by the ALJ to be limited to unskilled or lower semi-skilled work which would be within the “nonexertional limitations imposed by an anxiety disorder.”[4]
As we have considered and rejected appellant Bell-Shier’s contentions on appeal, the district court’s decision is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The ALJ also considered and evaluated other medical symptoms and/or complaints which Bell-Shier occasionally exhibited or raised such as chest and epigastric pains.

. The issue (whether an appellate court can consider, without a concomitant showing of good cause, evidentiary material not presented to the ALJ but provided to the Appeals Council which denies review) has not been resolved in this Circuit. See 42 U.S.C. § 405(g) (sentence six); Mayes v. Massanari, 276 F.3d 453, 461 n. 3 (9th Cir.2001). Given our rulings herein, we need not resolve that issue now.

. The first item was an unauthenticated January 2000 two page report from Dr. Robert Gentry which placed maximum limitations on Bell-Shier’s physical capabilities using a line drawn through a summary check-box format based upon a purported diagnosis of “old age” with an indicated disability onset date of “birth.” Medical reports presented in such summary check-box format without additional explanation are not entitled to significant weight. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir.1996); also Batson, 359 F.3d at 1195. Furthermore, Dr. Gentry's other medical notes around that period simply do not support the January 2000 report's conclusion that Bell-Shier was subject to the maximum restrictions on physical activity.
The second item was a January 2000 “psy-chodiagnostic evaluation” by Dr. Eric M. Mo-rell, who concluded that Bell-Shier "demonstrated moderate difficulties in disruption of a normal work day due to psychologically based symptoms." That conclusion is consistent with the ALJ's findings that her anxiety disorder did result in at least a moderate restriction on her activities of daily living plus an inability to engage in the performance of skilled tasks.

. Because of the ALJ’s reliance on the existence of the reception clerks and storage facility rental clerks jobs as available work within the regional economy, we need not address Bell-Shier's other contention that the single occupation of surveillance systems monitor with only 500 positions in the region would not constitute work existing in “significant numbers’’ under 20 C.F.R. §§ 404.1566(d) and (e) and 416.966(d) and (e). See cf., Lounsburry v. Barnhart, 468 F.3d 1111, 1117 (9th Cir.2006).