NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA ANN SMITH,

                    Plaintiff-Appellant,

        v.

ANDREW M. SAUL, Commissioner of
Social Security,

                    Defendant-Appellee.

No.    18-35104

D.C. No. 3:16-cv-01966-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted November 7, 2019[**]
Portland, Oregon

Before:  GILMAN,[***] PAEZ, and RAWLINSON, Circuit Judges.
Dissent by Judge RAWLINSON

        Laura Smith ("Smith") appeals the district court's order affirming the denial

---

        [*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for
the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of Disability Insurance Benefits under Title II of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo the district court's judgment affirming the denial of benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). We may set aside the decision of the administrative law judge ("ALJ") only if the findings of fact are not supported by substantial evidence or the decision is based on legal error. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We hold that the ALJ failed to provide legally sufficient reasons for discounting Smith's symptom testimony, the treating psychologist's opinion, and the lay witnesses' written testimony. We reverse and remand for the calculation and award of benefits.

**1.** The ALJ failed to provide clear and convincing reasons for discounting Smith's testimony as to the severity of her symptoms. *Id.* at 883. First, the ALJ's reasons for rejecting Smith's testimony regarding her fibromyalgia reflect "an apparent fundamental misunderstanding of fibromyalgia" and are inconsistent with our case law. *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). For instance, the fact that Smith retained "full range of motion" and "muscle tone" and showed little "objective evidence" of dysfunction is not a valid reason for discounting her symptom testimony. As we have observed, fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms," *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004), and "[w]hat is unusual about the disease is that

2

those suffering from it have muscle strength, sensory functions, and reflexes [that] are normal." *Revels*, 874 F.3d at 656 (internal quotation marks omitted). Likewise, because the "symptoms of fibromyalgia wax and wane," *id.* at 657 (internal quotation marks omitted), and "may even be absent on some days," Soc. Sec. Ruling 12-2P (July 25, 2012), 2012 WL 3104869, at *5, it is no surprise that the examining psychologists who each evaluated Smith on only one occasion did not describe her as appearing in physical pain. The fact that Smith did not treat her fibromyalgia "with narcotics on a regular or long-term basis" is also not a valid reason for rejecting her symptom testimony, particularly given that she suffered from bipolar disorder and testified to a fear of becoming addicted to such medication.

Second, the ALJ erred in discounting Smith's testimony regarding her bipolar disorder and anxiety. For instance, the ALJ's belief that Smith "sounded" calm at the supplemental hearing is not clear and convincing evidence: Bipolar disorder is a condition that is notably episodic and does not manifest every day. *See Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016). Moreover, "the ALJ's personal observations . . . do not constitute substantial evidence for rejecting" the observations of the providers, *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011), who variously described Smith as "[t]ense and tearful," "depressed," "distressed," and "despondent." That Smith at times did not seek

3

"regular psychiatric treatment" or hospitalization also does not cast doubt on her symptom testimony, particularly given that she continued her mental-health medication during such times and stated that she was unable to "afford to continue seeing her" mental-health practitioner. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999); *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

Third, the ALJ's conclusion that Smith's reported daily activities undermine her credibility is inconsistent with our case law. As an initial matter, both fibromyalgia and bipolar disorder are episodic conditions that adversely affect patients on some days and not others. Further, while an ALJ may consider a claimant's daily activities, "claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). We have long recognized that "many home activities are not easily transferable to what may be the more grueling environment of the workplace," *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations omitted)—particularly for claimants suffering from mental illness, who may be able to "limit[] environmental stressors," and thus experience "improved functioning," at home in a way that is impracticable at work. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). That Smith was able on occasion to perform household chores, feed her animals, leave her home, shop for groceries, and visit

4

family members does not "in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)); *see, e.g., Revels*, 874 F.3d at 667–68 (concluding that a claimant's ability to perform household chores, feed her pets, and visit family was not a valid reason to discount her testimony); *Vertigan*, 260 F.3d at 1049–50 (same, with respect to leaving the house, shopping for groceries, and spending time with friends). Indeed, Smith testified that simple tasks like laundry took her "several hours or [an] entire day, even if there[] [was] not too much to do." Properly contextualized, her daily activities are consistent with her reported symptoms and limitations.

**2.** Next, the ALJ failed to provide "specific and legitimate reasons that are supported by substantial evidence" for discounting the opinion of Smith's treating psychologist, Dr. Lecher. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). That Dr. Lecher "relied heavily on the claimant's subjective allegations" is not a legitimate reason for rejecting Dr. Lecher's opinion: "Psychiatric evaluations may appear subjective . . . . [b]ut such is the nature of psychiatry . . . . [U]nlike a broken arm, a mind cannot be x-rayed." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (internal quotation marks and citation omitted). The ALJ's remaining reasons for disregarding Dr. Lecher's testimony are not supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 831–32 (9th Cir. 1995).

5

**3.** Finally, the ALJ rejected the lay witnesses' testimony for primarily the same reasons that he rejected Smith's symptom testimony. Because the ALJ should have accepted Smith's testimony, we hold that the ALJ failed to provide germane reasons for rejecting the witnesses' testimony. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015).

**4.** We remand for the calculation and award of benefits. The record has been fully developed and further proceedings would serve no useful purpose. *See Garrison*, 759 F.3d at 1020–21. The vocational expert concluded that an individual with Smith's limitations, as described in the improperly discredited testimony of Dr. Lecher, the lay witnesses, and Smith, would be unable to perform competitive employment. *See* Excerpts of Record ("ER") 79–80 (concluding that claimant who suffered "marked . . . attention and concentration deficits" would be unable to work); *see also, e.g.,* ER 557 (Dr. Lecher characterizing Smith as having "extreme" concentration difficulties); ER 190 (Smith describing herself as being unable to "concentrate" at work); ER 233 (lay witness describing Smith's concentration as "greatly impaired"). Accordingly, if the improperly rejected evidence were credited as true, the ALJ on remand would have no choice but to find Smith disabled.

**REVERSED and REMANDED with instructions to remand to the ALJ for calculation and award of benefits.**

*Smith v. Saul,* Case No. 18-35104
Rawlinson, Circuit Judge, dissenting:

I respectfully dissent because I am of the view that substantial evidence supports the decision of the Administrative Law Judge (ALJ) denying disability benefits. *See Barnes v. Berryhill*, 895 F.3d 702, 704 (9th Cir. 2018) (reviewing for substantial evidence).

1.     The ALJ provided "specific and legitimate reasons" for affording "little weight" to the opinion of psychologist Dr. Lecher. Although Dr. Lecher only treated the claimant for one month in 2014, she opined that the claimant had been disabled since 2010. Dr. Lecher's opinion was not supported by any treatment notes, clinical findings or observations of decompensation episodes. Rather, Dr. Lecher relied almost entirely on the claimant's subjective complaints. We have consistently and repeatedly held that unsupported opinions of disability may be discounted by the ALJ. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (explaining that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings") (citation and emphases omitted); *see also Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009) (same); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (concluding that the rejection of medical opinions was supported by

1

substantial evidence when the opinions were based on subjective complaints).

2. The ALJ also provided clear and convincing reasons for discounting the claimant's testimony regarding the severity of her limitations. *See Rounds v. Comm'r*, 807 F.3d 996, 1006 (9th Cir. 2015), *as amended* (setting standard). In addition to not being supported by the record medical evidence, the claimant's testimony regarding her limitations conflicted with her prior statements that she was able to care for farm animals, perform household chores, shop for groceries, go out to dinner with her husband, and visit family members. *See id.* I disagree with the majority's position that the ALJ's conclusion is inconsistent with our case authority. The majority cannot gainsay that our precedent has consistently upheld the denial of benefits due to a conflict between the claimant's testimony and her daily activities. *See, e.g., Bray*, 554 F.3d at 1227 (upholding the discounting of a claimant's testimony due to her "lead[ing] an active lifestyle, including cleaning, cooking, walking her dogs, and driving to appointments"). The ALJ's similar observations in this case are entirely consonant with this precedent.

As noted, our precedent supports the ALJ's reasons for discounting the claimant's testimony. At best, the majority's position represents an alternative view of the evidence. But that alternative view cannot support reversal of the agency decision. Rather, if there are two permissible views of the evidence, we

2

must defer to the ALJ's decision and not "substitute our judgment for that of the ALJ." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). For the same reason, substantial evidence supports the discounting of lay testimony that is contradicted by the claimant's daily activities. *See Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) (concluding that if an ALJ gives adequate reasoning to discount the claimant's subjective testimony, similar testimony from lay witnesses may also be discounted).

Because I conclude that the ALJ's denial of benefits was supported by substantial evidence, I decidedly would not remand for an award of benefits.