**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GINA S. KLOSTER,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   23-35035

D.C. No. 3:22-cv-05087-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted December 4, 2023[**]
Seattle, Washington

Before:  N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1

Social security claimant Gina Kloster appeals from the district court's decision, affirming the denial of her application for social security disability insurance benefits. "We review the district court's order affirming the ALJ's denial of social security benefits *de novo* and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Kloster argues that (1) 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416), colloquially known as the 2017 social security regulations, are inconsistent with our precedent and unlawful; (2) the ALJ's residual-function-capacity determination and determination that Kloster was not disabled is not supported by substantial evidence; and (3) the ALJ erred in evaluating both the medical and nonmedical evidence, failing to properly consider Kloster's physical and mental impairments, symptom testimony, and the testimony of her husband.

We decline to reach the merits of Kloster's challenge to the 2017 social security regulations because she lacks standing to raise this challenge. Kloster

does not allege any specific errors stemming from the ALJ's application of the revised social security regulations, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). Kloster does not allege that the ALJ improperly discounted one of her treating physicians' opinions or another agency's prior medical determinations. Because neither Kloster's challenge nor the ALJ's decision turns on the validity of the 2017 social security regulations, even a favorable ruling on the merits would not redress Kloster's alleged injury. *See Cath. League for Religious & C.R. v. City & Cnty. of San Francisco*, 624 F.3d 1043, 1053 (9th Cir. 2010) ("Standing . . . requires redressability, that is, that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). She therefore lacks standing to challenge the 2017 regulations. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006) ("A plaintiff must demonstrate standing for each claim he seeks to press."); *see also Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1058 (9th Cir. 2023) ("[A] jurisdictional issue such as Article III standing may be raised *sua sponte* by the court at any time.").

We conclude that the ALJ's residual functional capacity determination that Kloster was not disabled is supported by substantial evidence—namely Kloster's

3

mobility, medical record from prior to the date of last insured, and the fact that Kloster had stopped working for a non-impairment reason.

The ALJ noted that Kloster's claimed mobility limitations were inconsistent with her daily activities. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (considering whether the claimant engages in daily activities inconsistent with the alleged symptoms). Specifically, Kloster administered insulin shots to her mother, was on her feet for half the workday, cleaned, fed, shopped, and ran errands for her mother, and took her mother to doctor's appointments. In addition, Kloster testified and indicated that she was able to do the laundry; prepare meals; take care of her two dogs and two cats (including taking the animals on walks); work on the computer for an hour daily; and do yardwork such as shoveling, pulling weeds, pushing wheelbarrows, and watering the yard.

We are not persuaded by Kloster's argument that the ALJ erred in evaluating both the medical and nonmedical evidence and failed to properly consider her physical and mental impairments. The ALJ relied on the medical evidence to conclude that Kloster only "sporadically" complained of lower back pain and received minimal treatment prior to her date of last insured. *See* 20 C.F.R. § 404.1529(c)(3)(iv)–(v); *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022)

4

(holding that an ALJ may "properly discount[] [a claimant's] subjective pain testimony in light of [the claimant's] generally conservative treatment plan").

Moreover, Kloster forfeited her argument that the ALJ erred in deciding that Kloster's mental health impairments were non-severe, because she did not raise this argument before the district court. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived argument that ALJ erred in finding his psychological problems not severe because he did not raise them before the district court). To the extent Kloster challenges the ALJ's finding that the testimony of Dr. Fitterer was "partially persuasive," this challenge was also forfeited because it was not raised to the district court. *Id.*

Contrary to Kloster's arguments otherwise, substantial evidence supports the ALJ's determination that the May 2019 lumbar MRI findings do not relate back to before the date of last insured. Even if the 2019 MRI, and related medical history, shows that Kloster's back condition was medically determinable, this does not show that Kloster's back pain was "severe" at that time. Although Kloster argues that the "evidence arguably relates back to December 31, 2018," the standard of review does not permit us reweigh evidence. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one

5

rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.") *superseded on other grounds by* 20 C.F.R. § 404.1502(a); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) ("Where the evidence can reasonably support either affirming or reversing the decision, we may not substitute our judgment for that of the Commissioner.").

We reject Kloster's argument that the ALJ erred by discounting her testimony and failing to consider her husband's testimony. Substantial evidence supports the ALJ's determination that Kloster's testimony was inconsistent with her medical treatment, ability to perform a variety of physical tasks, and her stated reason for quitting her job. The ALJ's failure to explain whether and to what extent it considered Kloster's husband's testimony was "inconsequential to the ultimate nondisability determination in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (internal quotation marks omitted). Because Kloster's husband "did not describe any limitations beyond those [Kloster] herself described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons," to the extent the ALJ erred, it was harmless. *Id.*

Finally, Kloster's argument that the ALJ erred in relying on the medical-vocational grids fails. This argument is premised on the existence of the

6

non-exertional limitations Kloster testified to.   But, as explained, the ALJ properly discounted Kloster's testimony.   The ALJ also found that Kloster's mental health impairments "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore nonsevere."   Therefore, the ALJ's reliance on the medical-vocational grids was proper.   *See Barnes v. Berryhill*, 895 F.3d 702, 706 (9th Cir. 2018) (stating that reliance on the medical-vocational grids is inappropriate only when significant non-exertional limitations exist); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (upholding an ALJ decision that excluded from the residual-functional capacity determination a claimant's depression because it was "a mild impairment, which presented no significant interference with the ability to perform basic work-related activities").

In sum, substantial evidence supports the ALJ's determination that Kloster's back condition was not "severe" prior to the date of last insured, and the ALJ properly discounted Kloster's testimony using objective medical evidence and giving clear and convincing reasons.   20 C.F.R. § 404.1529(c)(2); *see Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (holding that an ALJ may discount a claimant's testimony when the claimant's "activities . . . are incompatible with the severity of symptoms alleged"); *Molina*, 674 F.3d at 1113 (affirming ALJ's finding

7

that claimant's activities were "inconsistent with her daily activities throughout the disability period"); *Parra*, 481 F.3d at 750–51 (observing that "inconsistencies" between a claimant's subjective complaints and objective medical evidence "constitute significant and substantial reasons to find [the claimant's] testimony less than completely credible.").

**AFFIRMED.**