NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY BRENT LORANGER, | No. 21-35254 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00452-BR |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 4, 2023**
Portland, Oregon

Before: BERZON, NGUYEN, and MILLER, Circuit Judges.

Jeremy Loranger appeals the district court's judgment affirming the Social

Security Commissioner's denial of Loranger's application for supplemental

security income. This court reviews the district court's disability determination de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *See Barnes v. Berryhill*, 895 F.3d 702, 704 (9th Cir. 2018). We set aside a denial of benefits only if it is based on legal error or unsupported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). If an error is found, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks omitted). The harmless error standard requires the court to analyze "the record as a whole to determine whether the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). We affirm.

Loranger contends that the 2019 Administrative Law Judge ("ALJ") erred by not sufficiently explaining his departure from the residual functional capacity ("RFC") as determined by the 2015 ALJ. In relevant part, the 2015 RFC included a limitation of Loranger's ability to reach with his upper left extremity in directions other than overhead. Loranger asserts that the exclusion of that limitation in the 2019 RFC was harmful. Because the record does not support the inclusion of a left-side limitation, we conclude that any error in failing to explain the deviation from the 2015 RFC was harmless.

The evidence presented in the record as a whole does not support adopting

an RFC that includes a left side upper extremity reaching limitation. *See Molina*, 674 F.3d at 1115. Loranger presented one document from March 2016 that indicated "[p]ain in anterior chest with extension of left arm." After that date, there is ample evidence confirming Loranger's full range of motion with his upper extremities. Loranger did not testify to any issues concerning his left side during the second administrative hearing, and his lawyer did not present the Vocational Expert ("VE") with a hypothetical including that limitation (although he did present the VE with a different hypothetical). The ALJ's rationale for diverging from the 2015 RFC determination was therefore evident in and fully supported by the record. No left-side reach limitation was testified to or presented to the VE, and the pertinent medical record overwhelmingly supported a conclusion that Loranger had no such limitation. As a result, the ultimate finding of nondisability would have remained unchanged.

Because the lack of any additional explanation was "inconsequential to the ultimate nondisability determination," if any error existed, it was harmless. *Tommasetti*, 533 F.3d at 1038.

**AFFIRMED.**