**NOT FOR PUBLICATION**

**FILED**

FEB 9 2026

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW J. SHILLINGTON, | No. 24-6894 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05888-GJL |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted February 5, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Plaintiff-Appellant Matthew Shillington ("Shillington") appeals the district

court order which affirmed the Administrative Law Judge's ("ALJ") denial of his

application for Social Security Disability Insurance Benefits under Title II of the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision in a social security disability benefits case de novo. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). We review whether the ALJ's decision was supported by substantial evidence and correctly applied the law. *Barnes v. Berryhill*, 895 F.3d 702, 704 (9th Cir. 2018). We affirm.

1. Substantial evidence supports the ALJ's decision to discredit the opinions of Michael W. Johnson ("Johnson"), Kandis Silvestri ("Silvestri"), and Staci Day ("Day"). When evaluating medical opinions, an ALJ must articulate the persuasiveness of the medical opinions or prior administrative findings based on several factors, including their consistency and supportability. 20 C.F.R. § 404.1520c(a)-(c); *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022). An ALJ is not obligated to accept an opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Substantial evidence supports the ALJ's decision to discount Johnson's opinions. Johnson's treatment notes do not support his opinion that Shillington's "sciatica, memory issues, migraine headache, knee/ankle pain" preclude Shillington from an 8-hour workday. Johnson's physical examination of Shillington on February 4, 2022, documented "no tenderness" on Shillington's neck and his

extremities were found to be "normal, atraumatic, [with] no cyanosis or edema." Moreover, Johnson's notes do not document mental health symptoms. Johnson's opinion is also inconsistent with the overall medical evidence of record. VA records document benign imaging findings of Shillington's spine. *See Matney v. Sullivan*, 981 F.2d 1016, 1019–20 (9th Cir. 1992) (affirming ALJ's rejection of a medical opinion where the doctor opined that claimant could "work only one hour at a time although his clinical evaluation revealed very minimal abnormal findings"). Further, most of Shillington's clinical exams document normal walking and intact leg function. The only two instances documented where Shillington ambulates with a cane are Day's physical disability evaluation on August 19, 2022, and Shillington's emergency department visit for a "flare up from sciatica" on August 25, 2022. During his emergency department visit, the treating physician documented no "weakness or numbness" in Shillington's lumbar spine. Finally, Shillington's "mental health treatment notes sho[w] improvement with minimal appointments." *See Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (ALJ permissibly discounted doctor's restrictive limitations "given that most of the medical records . . . documented improvement" of the claimant's functioning).

Substantial evidence supports the ALJ's finding that Silvestri's opinion is unpersuasive. Silvestri's opinion that Shillington has a "moderately severe" limitation understanding, carrying out, and remembering instructions is inconsistent

with her treatment notes documenting that Shillington had "better memory," and was "more focused" after minimal appointments. Silvestri's opinion that Shillington has a "severe" limitation relating to other people and responding appropriately to supervision and co-workers is inconsistent with her reports that Shillington was "easily engaged in session and cooperative." However, substantial evidence does not support the ALJ's finding that Silvestri's opinion is inconsistent with Shillington's "strong functioning in his personal life." The ALJ listed activities Shillington engaged in but failed to explain how the listed activities indicate "strong functioning." *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (holding that an ALJ's "complete lack of meaningful explanation gives this court nothing with which to assess its legitimacy"). However, the ALJ's finding that Silvestri's opinion is not supported by her own records is sufficient to find her opinion unpersuasive. *See Woods*, 32 F.4th at 793.

Substantial evidence supports the ALJ's finding that Day's opinion is unpersuasive. Day's opinion is inconsistent with the overall medical evidence of record. Day's assessment of Shillington's limitations is based on Shillington's use of a cane to ambulate during her physical disability evaluation of him, but VA records do not indicate that Shillington used a cane to ambulate and consistently report that Shillington has a normal or steady gait.

2.    Substantial evidence supports the ALJ's evaluation of the administrative medical findings of Joshua Rubin ("J. Rubin"), Renee Eisenhauer ("Eisenhauer"), and Diane Rubin ("D. Rubin").

Shillington argues that the ALJ did not adequately explain why it did not adopt J. Rubin and Eisenhauer's findings that Shillington has a moderate limitation in interacting with others. But the ALJ adopted these findings and incorporated them into the residual functional capacity ("RFC") assessment.

Substantial evidence supports the ALJ's finding that D. Rubin's opinion is not fully persuasive. D. Rubin's determination that Shillington has occasional postural limitations is inconsistent[1] with Shillington's "largely unremarkable diagnostic findings" and "his ability to ambulate unassisted." The ALJ rightly concluded that D. Rubin found that Shillington could do light work. *See* 20 C.F.R. § 404.1567(b).

3.    The ALJ provided specific, clear, and convincing reasons to discount Shillington's symptom testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Shillington's physical symptom testimony is unsupported by Shillington's benign medical imaging and physical examinations. Shillington's testimony is also unsupported by

---

[1] The ALJ wrote the record is "consistent" with the findings of D. Rubin, but it is plain from context that the ALJ intended to describe the record as inconsistent with her findings.

his treatment records and documented physical activities. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (holding that "whether the claimant engages in daily activities inconsistent with the alleged symptoms" is a factor when reviewing ALJ's credibility findings). Shillington's "mental complaints" are also inconsistent with the longitudinal record. Shillington has reported improvement with treatment and medication. His doctors describe his memory as "intact."

4. The ALJ erred by failing to explain why he discounted Nathanuel Vinquist's testimony. However, the error is harmless because the ALJ provided well-supported reasons for rejecting Shillington's testimony, which apply equally well to Vinquist's testimony, which repeats nearly verbatim Shillington's function report. *See Molina v. Astrue*, 674 F.3d 1104, 1117, 1121 (9th Cir. 2012).

5. Substantial evidence supports the ALJ's RFC assessment. Shillington's challenge to the ALJ's RFC assessment and step five analysis is based upon the previously addressed arguments—the failure to evaluate medical opinions and the testimony of Shillington and Vinquist—and thus is unavailing. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations").

**AFFIRMED.**